WILLIAM GWARTNEY *v.* HIS CREDITORS—J. P. CADY, Opponent.

The burden of proof is upon the party opposing the appointment of a syndic, on the ground that he was elected by a person who was not a creditor.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Durant & Hornor*, for opponent and appellant. *Elmore & King*, for the syndic.

BUCHANAN, J. *James A. Lusk* having been returned by the notary as elected syndic of this insolvency, by a majority in amount of the creditors, his appointment is opposed by *John P. Cady*, who was also a candidate for the syndicate at the meeting of creditors, on the grounds:

1st. That one *James Chapman*, who voted for *Lusk*, is not a creditor of the insolvent; and,

2d. That *Lusk* voted for himself as syndic, under a power of attorney from one *Nicolas Caspar*, which was not signed.

The District Judge properly decided that the burden of proof is upon the party opposing the appointment of a syndic, on the ground that he was elected by a person who was not a creditor. The rule was distinctly laid down in the case of *Pandelly* v. *His Creditors*, 9 L. R., 393, and has not since been doubted.

The opponent attempted to prove that *James Chapman* is a part owner of the steamboat Music, which is surrendered by the insolvent to his creditors. The evidence is not clear on this point; but even if it were, that fact would by no means amount to proof that *Chapman* is not a creditor of the insolvent. They might have had many other dealings together, besides a joint ownership of a steamboat.

Upon the second ground of opposition, *Nicholas Caspar*, sworn as a witness, testifies that he authorized a person named *Work*, to sign his name (he being unable to write) at the bottom of the power of attorney, upon which *Lusk* voted, in his name, at the meeting of creditors.

Judgment affirmed with costs.